United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESUS MEJIA GALLARDO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02245 |
| | § | |
| PAMELA JO BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Jesus Mejia Gallardo, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition reflects that Petitioner is a noncitizen who entered the United States without inspection in 2002. Doc. No. 1 at 3. Petitioner does not plead facts to show that

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 2

he has been lawfully admitted into the United States, and he does not so contend. He has been detained for about two months to date.

Petitioner argues that, because he was already present in the United States at the time he was taken into mandatory detention, he was not "seeking admission" and that he is entitled to a bond hearing under 8 U.S.C. § 1226(a), the statute permitting discretionary bond, and that he has been miscategorized as a detainee subject to mandatory detention under 8 U.S.C. § 1225(b). Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). Thus, his detention is mandated *by statute*.

Accordingly, Petitioner's Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded"). Therefore, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DISMISSED** without prejudice.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this _____31ˢᵗ_____ day of March 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

2 / 2